UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NOS. 1:19-cr-00177-TWP-MJD |
| ) | 1:19-cr-00012-TWP-MJD |
| ) | |
| BRADLEY GULLEDGE, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO SUPPRESS

The Defendant, Bradley Gulledge, by counsel, submits his Memorandum in Support of his Motion to Suppress as follows:

FACTS

On September 10, 2018, Indiana State Police obtained a search warrant for 1849 N. Ritter Avenue, Indianapolis, Indiana. Bradley was identified as one of the persons located in the residence by officers. Following his arrest, officers conducted a recorded interview. All statements made by the Defendant during this interview were obtained in violation of the Fifth Amendment to the Constitution of the United States, as Bradley's waiver was made involuntarily. In the alternative, the Defendant requested to stop the interview twice, however the interviewing officers continued the interrogation. All statements made after the Defendant's request to stop were obtained in violation of his Fifth Amendment rights.

ARGUMENT

Bradley claims that his waiver of *Miranda* rights was not made voluntarily. Thus, any statements made post-waiver violated the Fifth Amendment to the United States Constitution. Alternatively, Bradley requests that any statements made after his request to stop the interview be suppressed, as the interviewing officers continued to question him in violation of his Fifth Amendment rights.

### A. Involuntary Waiver of Rights

The Fifth Amendment to the United States Constitution provides that no person ". . . shall be compelled in any criminal case to be a witness against himself . . .." To be admissible consistent with these provisions, a suspect's statement must be voluntary. In determining the voluntariness of a waiver of *Miranda* rights, Indiana courts will look to the "totality of the circumstances" to ensure that the defendant's self-incriminating statement was not induced by violence, threats, or other improper influences that overcame his free will. *Cox v. State*, 854 N.E>2d 1187 (Ind. Ct. App. 2006), see also *Berry v. State*, 703 N.E.2d 154, 157 (Ind. 1998). The totality of the circumstances test looks to the entire interrogation, not one specific act by the police or the condition of the suspect. *Light v. State*, 547 N.E.2d 1073, 1079 (Ind. 1989). There are multiple factors that a court can consider when determining the voluntariness of a statement post-Miranda, for example: intoxication, sleep deprivation, and being under the influence of drugs. During the interview with law enforcement, Gulledge did not possess the mental capacity to execute a voluntary, knowing and intelligent waiver of his *Miranda* rights, as he was experiencing the effects of methamphetamine and sleep deprivation. In Indiana, intoxication is a potential factor for a court

decision whether a statement was made voluntarily post-*Miranda*. For a person to claim that they were too intoxicated to voluntarily waive their *Miranda* rights, Courts look to the evidence surrounding the situation and the suspect involved.

In *United States v. Brooks*, 125 F.3d 484, 491 (7th Cir. 1997), the defendant argued the waiver of his Miranda rights was involuntary due to being "too sleepy, too high on crack cocaine, and in too much pain to be mentally capable of executing a knowing and intelligent waiver." The defendant in *Brooks* stated that he was under the influence of crack cocaine or its aftereffects at the time he waived his rights, though he had not slept in recent days and was in pain from being taken to a hospital for treatment. *Id.* at 491. The Court, however, reasoned that the defendant was alert and coherent during the interview, never complaining about pain and gave no indication that he was sleep-deprived or high at the time of the interview. *Id.* This Court made note that "narcotics, alcohol and fatigue may be factors to be considered in a particular case, however the test for voluntariness of the statement is whether the claimed impairments caused the defendant's will to be overborne." *Id.* at 492. Unless a defendant's demeanor in evidence (such as interview videotapes) is nonresponsive from clear lack of sleep, a defendant's lack of sleep but continued coherent responses will not invalidate a waiver of Miranda rights.

The Defendant has a prolonged and ongoing issue with drug use and had recently been using methamphetamine up to his arrest. Bradley was experiencing the after-effects of methamphetamine use and significant sleep deprivation during the interview, making him too intoxicated and tired to voluntarily waive his rights. While he acknowledged his rights and agreed to answer questions, he was quiet and monotone throughout the entire questioning process, often looking away or rubbing his eyes and face. It is clear from the tapes that his speech was delayed after questions were asked and often slurred. Bradley can be seen yawning throughout the

interviews and visibly adjusting in his chair to stretch out. (Ex. "A-H", generally). In addition to resting while being questioned, the officers leave him alone for periods of time where he takes the water bottle and tissue roll as a make-shift pillow and lays his head down while waiting. (Ex. "A" at 0:00-5:29; "G" at 9:19-38:48; Ex. "H" at 0:00-12:15) Lastly, he can be seen pulling over his tissues to use as a head rest and often he uses a water bottle to rest his head on while nodding off. (Ex. "B" at 19:00; "D" at 8:11; "E" generally; "F" at 4:14; "G" at 9:19 and 25:50).

It is clear from the interview tapes that Bradley was too intoxicated, and sleep deprived, to voluntarily waive his *Miranda* rights. As such, all statements obtained during the interview should be suppressed as violating his Fifth Amendment rights.

**B. Improper Continuance of Interview After Request to Stop**

During the reading of *Miranda* rights, officers indicated that Bradley had the right to stop the questioning at any time. Bradley twice stated that he was done talking, however the officers continued the interrogation. Bradley's request was unambiguous and an assertion of his right to silence and to stop the interrogation. At this point, the interviewing officers were required to terminate the interrogation. However, the officers ignored his request to stop in violation of his Fifth Amendment rights.

The invocation must be unequivocal, clear, and not merely an expression of his reluctance to speak. *Powell v. State*, 898 N.E.2d 328, 337-38 (Ind. Ct. App. 2008). Just raising doubts or expressing concern about continuing to talk is not sufficient. The assertion is also not sufficient if the defendant voluntarily continues to talk, without further police prompting. *Wilkes v. State*, 917 N.E. 2d 675, 682-83 (Ind. 2009). Bradley stated twice to interviewing officers, "I'm done talking," but the interrogation continued. (Ex. "B" at 15:22 and 16:01).

Part of the totality of the circumstances test is whether the police, after a rights assertion that is not clear, follow up to determine the accused's intent. *Jackson v. State*, 597 N.E.2d 950, 958 (Ind. 1992). There are no "particular words of legal magic" to stop the questioning. *Id.* Bradley stated, "I'm done talking," a clear assertion of his right to silence. (Ex. "B" at 15:22 and 16:01). The police did not honor Bradley's assertion, and even if they were confused by his language, they did not try to understand his intent. The questioning continued even though Bradley was told he may stop the interview at any time, and when he tried, the police ignored him and continued the interrogation. All statements following Bradley's intent to stop the interrogation should be suppressed.

## CONCLUSION

For the aforementioned reasons, Bradley has met his burden of proof and all evidence obtained from the interrogation pursuant to the involuntary waiver of his *Miranda* rights should be suppressed based on the Fifth Amendment to the United States Constitution. In the alternative, all statements following Bradley's intent to stop the interrogation should be suppressed based on the Fifth Amendment.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of July, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be made available by operation of the Court's CM/ECF system.

/s/ Mario Garcia
Mario Garcia